**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4391**

---

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

   v.

MARCUS ANTONIO ASHFORD, a/k/a Bigg,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:20-cr-00561-MGL-1)

---

Argued:  May 10, 2024                           Decided:  June 12, 2024

---

Before KING, AGEE and HEYTENS, Circuit Judges.

---

Dismissed in part and affirmed in part by published opinion.  Judge Agee wrote the opinion in which Judge Heytens joined. Judge King wrote a dissenting opinion.

---

**ARGUED:**  James Arthur Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina, for Appellant.  Katherine Hollingsworth Flynn, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.  **ON BRIEF:** Adair F. Boroughs, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

AGEE, Circuit Judge:

Following a guilty plea, the district court sentenced Marcus Antonio Ashford without first giving him the opportunity to allocute. Ashford contends that this omission constitutes reversible error and asks this Court to vacate his sentence and remand for resentencing. But because we conclude that Ashford's allocution challenge is barred by the appellate waiver in his plea agreement, we dismiss the appeal as to that issue. And we also dismiss the appeal as to any other issues falling under the appellate waiver and affirm as to all other issues.

I.

A.

Ashford pleaded guilty to two counts of drug-related crimes pursuant to a plea agreement that contained a voluntary and knowing waiver of his "right to contest either the conviction or the sentence in any direct appeal." J.A. 33. The waiver did "not apply to claims of ineffective assistance of counsel." J.A. 33.

At Ashford's sentencing hearing, the court sentenced him to 168 months' imprisonment and eight years of supervised release. Following the imposition of the sentence, the court asked counsel if there were any errors to bring to its attention. In response, Ashford's counsel stated: "I don't think there's anything objectionable, Your Honor. I know Mr. Ashford would like to maybe say something to the Court. I should have mentioned that." J.A. 107. The court responded: "I'm sorry, I did not call upon him to do that. I apologize. . . . Of course you have the right to address the Court about your sentence

2

and I should have called upon you before I pronounced my sentence. I just merely forgot. So I'd be happy to take into consideration anything you want to tell me." J.A. 107–08.

Ashford then addressed the court and, in response to his allocution, the court said, "All right. Well, I believe I have announced my sentence." J.A. 110.

Following his sentencing, Ashford filed a timely notice of appeal. This Court has jurisdiction pursuant to 18 U.S.C. §§ 3742(a) and 1291.

B.

After Ashford appealed, we issued a briefing order in which we set deadlines for the filing of the parties' opening, response, and reply briefs. This order provided that a "[f]ailure to file a response brief, or a motion to dismiss within the time allowed for filing a response brief, may result in waiver of defenses." Dkt. 13 at 2.

In response to the briefing order and an extension thereof, Ashford's counsel filed a timely *Anders* brief questioning only whether Ashford's trial counsel was ineffective for failing to present evidence in opposition to a U.S. Sentencing Guidelines enhancement.[1] In turn, within the period provided for the filing of a response brief, the Government filed a letter notifying the Court that it did not intend to file a response brief unless requested by the Court. This letter did not mention the appellate waiver in Ashford's plea agreement, which did not apply to claims of ineffective assistance of counsel.

---

[1] *Anders v. California*, 386 U.S. 738 (1967). Counsel is permitted to submit an *Anders* brief when, after fully performing his duty to represent his client, counsel determines that the appeal is "so frivolous that counsel should be permitted to withdraw." *Penson v. Ohio*, 488 U.S. 75, 82 (1988) (citation omitted).

3

After the Government's period for filing a response brief had passed, Ashford filed a timely *pro se* supplemental brief in which he asserted that the district court erred in applying certain sentencing enhancements. The Court did not issue another briefing order based on Ashford's *pro se* brief, so the Government did not file a response to that brief either.

Nearly seven months after Ashford filed his *pro se* brief, we *sua sponte* ordered briefing on whether the district court erred in failing to give Ashford an opportunity to allocute before it imposed the sentence. We set a schedule for the supplemental briefing. In response to that order and various extensions of the briefing deadlines, Ashford filed a timely supplemental opening brief, and the Government filed a timely response brief in which it raised the appeal waiver for the first time. Ashford contends in his reply brief that the Government should have raised the appeal waiver in response to his *pro se* brief and that its failure to do so constitutes a waiver of the application of the appellate waiver.

II.

The Government raised the appellate waiver when it was required to do so—in its supplemental response brief. It was not required to raise the waiver in its original letter in response to Ashford's *Anders* brief, as the dissent asserts, because we have consistently told the Government that it need not respond to *Anders* briefing unless we order otherwise. *See, e.g.*, *United States v. Kemp*, 88 F.4th 539, 544 (4th Cir. 2023) ("When an *Anders* brief is filed, the government *may but need not* file a response brief; if it chooses, it can do nothing, allowing this court to perform the required *Anders* review itself." (emphasis

4

added) (cleaned up)). The Government complied with that authority in this case when it notified us that it did not intend to respond to the *Anders* brief. Moreover, Ashford's *Anders* brief indisputably raised only an issue that fell *outside* the scope of the appeal waiver—ineffective assistance of counsel—such that the Government was not on notice that the appeal waiver would be relevant. Therefore, the Government had no reason to raise the appeal waiver in response to the *Anders* brief.[2]

Although Ashford contends that the Government should have raised the appeal waiver in response to his *pro se* brief—which raised issues that arguably fell within the waiver's scope—we reject that argument.[3] First, as Ashford's counsel conceded at oral argument, the deadline set in the original briefing order for the Government to respond to the *Anders* brief had already expired by the time Ashford filed his *pro se* brief. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007) (explaining that, in an *Anders* case, "if the defendant files *pro se* submissions raising issues within the scope of the appeal waiver while his *Anders* brief is pending, the government *is free to raise the waiver issue at that time*," but not mandating that the government do so (emphasis added)). Second, we

---

[2] Contrary to the dissent's view, Local Rule 27(f)(2) did not require the Government to respond in this situation. This Rule provides that "[m]otions to dismiss based upon . . . other procedural grounds should be filed within the time allowed for the filing of the response brief." But when the *Anders* brief was filed, the Government had no basis to move to dismiss the appeal based on the appellate waiver because the sole issue raised did not fall within its scope, so no procedural ground for dismissing existed at that time.

[3] To the extent Ashford contends that his position is supported by certain unpublished opinions from this Court, those decisions are neither binding nor persuasive and thus do not affect this decision. *See, e.g., Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 545 n.4 (4th Cir. 2019).

5

didn't issue a new briefing order requiring a response to Ashford's *pro se* brief in which the Government could have raised the appeal waiver. *See* Loc. R. 27(f)(2) ("Motions to dismiss based upon the ground that the appeal is not within the jurisdiction of the Court or on other procedural grounds *should be filed within the time allowed for the filing of the response brief*." (emphasis added)). And third, Ashford hasn't pointed to any authority indicating that the Government *must* respond to a *pro se* filing in an *Anders* appeal even when we do not order such a response. To the contrary, generally, we do *not* expect the Government to respond to a *pro se* brief filed after an *Anders* brief absent a request from the Court. Therefore, we conclude that the Government was not required to respond to the *pro se* brief. And we decline to hold that the Government forfeited the right to assert the appellate waiver by failing to raise an argument in a response brief *that it was never required to file*. Instead, we hold that the Government properly asserted the appeal waiver in this *Anders* case by raising it in the first brief it filed that made arguments regarding the proper disposition of claims it contended were covered by the waiver—namely, the supplemental response brief.

Nor do we believe, as Ashford's counsel suggested during oral argument, that we should require the Government, in response to every *Anders* or *pro se* brief filed in a case, to file a rote response or letter reserving its right to assert an appeal waiver. We recognize that in this case the Government filed a letter in response to the *Anders* brief, but did not reserve that right. And it does not seem like it would have been a great burden for the Government to have briefly raised the appeal waiver at that point. However, not only have we already implied that such a letter is not required in *Anders* appeals, *see Kemp*, 88 F.4th

6

at 544 ("When an *Anders* brief is filed, the government *may but need not* file a response brief[.]" (emphasis added)), but such a rule would be impractical considering the multitude of *pro se* documents that may be filed in a single case, *see, e.g.*, *United States v. Barnett*, 48 F.4th 216, 219 (4th Cir. 2022) (observing that the *Anders*-appeal defendant had "filed over a dozen pro se briefs"). Moreover, requiring such boilerplate responses to *Anders* briefs would serve no meaningful function. Indeed, only in those rare instances when the Government *neglected* to flag the appeal waiver in such a response would any defendant benefit.

We thus reject Ashford's argument that the Government was required to raise the appellate waiver in response to his *pro se* brief. By raising the waiver in its court-mandated response to Ashford's supplemental opening brief, the Government asserted the appeal waiver at a proper time and in compliance with our scheduling orders. And because it is undisputed that the waiver is valid and that Ashford's allocution claim falls within the waiver's scope, we dismiss the appeal as to the allocution claim and all other issues falling within the waiver's scope. Therefore, we need not address the merits of Ashford's allocution claim.

### III.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Ashford's valid appeal

7

waiver. We therefore dismiss the appeal as to all issues within the waiver's scope, including

Ashford's allocution claim. We affirm the remainder of the criminal judgment.

*DISMISSED IN PART*
*AND AFFIRMED IN PART*

KING, Circuit Judge, dissenting:

The panel majority has resolved to dismiss this appeal pursuant to the appeal waiver contained within Marcus Antonio Ashford's plea agreement. Because I believe the Government's invocation of the appeal waiver was untimely, I dissent.

Significantly, Local Rule of Appellate Procedure 27(f)(2) specifies when such a motion to dismiss is timely. It provides, in relevant part:

> Motions to dismiss based upon the ground that the appeal is not within the jurisdiction of the Court or on other procedural grounds should be filed within the time allowed for the filing of the response brief.

*See* 4th Cir. R. 27(f)(2). It is also well established that the Government must affirmatively seek to enforce an appeal waiver, as this Court "will not sua sponte enforce it." *See United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012).

Here, however, the Government did not request dismissal of Ashford's appeal "within the time allowed for the filing of the response brief," which was fixed by the pertinent briefing schedule as December 19, 2022. Rather, after Ashford's counsel filed an *Anders* brief and Ashford submitted a pro se brief, the Government sat silent — filing neither a response to either brief nor a separate motion to dismiss. Without notice from the Government that it intended to enforce the appeal waiver, our Court then endeavored to conduct the "full examination" required by *Anders*. *See Anders v. California*, 386 U.S. 738, 744 (1967) (instructing that once an *Anders* brief is filed, the court of appeals must

9

"proceed[], after a full examination of all the proceedings, to decide whether the case is wholly frivolous").

In August 2023, we directed the parties to file supplemental briefs on the issue of whether the district court reversibly erred by failing to allow Ashford to allocute before the court imposed sentence. The lawyers, including Ashford's court-appointed counsel, then went about the work of researching the issue and composing the supplemental briefs. Only thereafter, in November 2023 — nearly a year after the deadline for the original response brief or any motion to dismiss had passed — did the prosecutors finally assert, in their completed supplemental brief, that this appeal should be dismissed pursuant to the appeal waiver. Simply put, this dismissal request was clearly untimely under Local Rule 27(f)(2).

Nevertheless, my friends in the majority excuse the Government's lengthy delay. They maintain that "the Government had no reason to raise the appeal waiver in response to the *Anders* brief" because the brief "raised only an issue that fell *outside* the scope of the appeal waiver — ineffective assistance of counsel." *See ante* at 5. An *Anders* brief, however, will necessarily and always be followed by this Court's thorough examination of the entire record. Indeed, although an *Anders* brief "serves the valuable purpose of assisting . . . the required detailed review of the case," it in no way circumscribes our inquiry. *See Penson v. Ohio*, 488 U.S. 75, 81 (1988). Thus, I cannot agree that there was "no reason" for prosecutors to raise the appeal waiver issue — they were fully aware that

this Court would conduct a review of the record, including issues covered by the appeal waiver.

Contrary to the majority's view, it is inconsequential that the Government was not required to file a response to either the *Anders* brief or the pro se brief. Again, Local Rule 27(f)(2) provides that a motion to dismiss "should be filed within the time allowed for the filing of the response brief." *See* 4th Cir. R. 27(f)(2). My colleagues seemingly read Local Rule 27(f)(2) to say something it does not — that a motion to dismiss "should be filed within the time allowed for the filing of *a required* response brief." Such a reading is unsupported and improper.

Lastly, in light of the principle that we will not sua sponte enforce an appeal waiver, I emphasize the importance of holding the Government to Local Rule 27(f)(2) in *Anders* proceedings. Otherwise, we risk wasting valuable time and resources identifying and studying a colorable issue, only to have the Government belatedly assert that we cannot consider the issue because of an appeal waiver. This is precisely what the majority has allowed to happen here.

Pursuant to the foregoing, I respectfully dissent.