**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4219

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DIETRICH O'BRIAN SARRATT,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:20-cr-00280-FDW-DSC-1)

Submitted:  September 19, 2024                   Decided:  September 24, 2024

Before GREGORY and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** James W. Kilbourne, Jr., ALLEN STAHL & KILBOURNE, PLLC, Asheville, North Carolina, for Appellant.  Anthony Joseph Enright, Assistant United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dietrich O'Brian Sarratt appeals his convictions and the 300-month sentence imposed following his guilty plea to conspiracy to distribute and to possess with intent to distribute 280 grams or more of crack cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; possession with intent to distribute cocaine and crack cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm in furtherance of drug trafficking, 18 U.S.C. § 924(c). On appeal, Sarratt's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the validity of Sarratt's guilty plea, the constitutionality of Sarratt's § 924(c) conviction, and the procedural and substantive reasonableness of Sarratt's sentence. Sarratt also filed two pro se letters challenging the district court's application of the career offender enhancement.

After conducting our *Anders* review, we directed the parties to file supplemental briefs addressing whether the district court properly applied the career offender enhancement in light of *United States v. Campbell*, 22 F.4th 438 (4th Cir. 2022), and U.S. Sentencing Guidelines Manual § 4A1.2(e) (2018). In response to the order, the Government moved to dismiss the appeal based on the appeal waiver contained in Sarratt's plea agreement. We then placed this appeal in abeyance for *United States v. Ashford*, 103 F.4th 1052 (4th Cir. 2024), which held that the Government does not forfeit its right to rely on an appeal waiver simply because it declines to respond to an *Anders* brief. *Id.* at 1055. Rather, the Government properly invokes an appeal waiver by raising the waiver in its first

2

substantive response to a supplemental briefing order. *Id.* at 1056. Based on *Ashford*, we conclude that the Government timely moved to dismiss Sarratt's appeal.

Next, we consider the validity of Sarratt's appeal waiver, an issue we review de novo. *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). A defendant validly waives his right to appeal if he agrees to the waiver "knowingly and intelligently." *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *Thornsbury*, 670 F.3d at 537 (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.*

Our review of the record confirms that Sarratt knowingly and intelligently executed the appeal waiver, the terms of which preclude him from contesting his "conviction and sentence in any appeal or postconviction action," save for exceptions not relevant here. We therefore conclude that Sarratt has waived his challenges to his sentence and the constitutionality of his § 924(c) conviction.

However, Sarratt's appeal waiver does not prevent him from raising a colorable challenge to the validity of his guilty plea. *See United States v. Attar*, 38 F.3d 727, 732-33

3

& n.2 (4th Cir. 1994); *see also United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (holding that defendant's valid appeal waiver did not preclude claim that plea lacked sufficient factual basis).  Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty.  Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).  The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis.  Fed. R. Crim. P. 11(b)(2), (3).  Because Sarratt did not preserve any error in the plea proceedings, we review the adequacy of the plea colloquy for plain error.  *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).

*Anders* counsel questions whether the guilty plea was knowingly entered because, at the sentencing hearing, Sarratt indicated his mistaken belief that he was guaranteed to receive only the 180-month mandatory minimum sentence.  However, at the Rule 11 hearing, Sarratt confirmed his understanding that he faced a maximum penalty of life imprisonment.  A defendant seeking to retract statements made during a Rule 11 colloquy "bears a heavy burden," *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003), because, absent "extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established," *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).  Because we discern no such extraordinary circumstances, we conclude that Sarratt was aware of his sentencing exposure at the time he entered his plea.

4

*Anders* counsel also questions the adequacy of the factual basis, noting that the factual basis document that accompanied Sarratt's plea agreement merely reproduced the minimal allegations from the superseding indictment.  However, "the district court may conclude that a factual basis exists from anything that appears on the record." *United States v. Ketchum*, 550 F.3d 363, 366-67 (4th Cir. 2008) (internal quotation marks omitted).  And here, the presentence report (PSR) thoroughly detailed the conduct that led to Sarratt's drug and firearm charges, thus providing the district court with sufficient evidence to find a factual basis for Sarratt's guilty plea.

Finally, *Anders* counsel more pointedly questions whether, for the § 924(c) charge, there was a sufficient nexus between Sarratt's firearm possession and drug trafficking.  In determining whether a firearm is possessed in furtherance of drug trafficking activity, a court may consider "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002) (internal quotation marks omitted).  Here, the PSR indicated that the firearms and the cocaine were in close proximity; two of the firearms were handguns, meaning they could easily be concealed on one's person; and those same two firearms were stolen.  This evidence, we conclude, amply supported the district court's factual basis determination.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore grant the Government's motion to

5

dismiss the appeal as to all issues falling within the appeal waiver's scope, and we affirm Sarratt's criminal judgment in all other respects. This court requires that counsel inform Sarratt, in writing, of the right to petition the Supreme Court of the United States for further review. If Sarratt requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sarratt.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*