**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 23-4183**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DEONTE MYSIA CLARK,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:22-cr-00002-KDB-DSC-1)

—————————

Submitted:  August 14, 2024                Decided:  September 25, 2024

—————————

Before GREGORY and BENJAMIN, Circuit Judges, and FLOYD, Senior Circuit Judge.

—————————

Dismissed by unpublished per curiam opinion.

—————————

**ON BRIEF:**  D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deonte Mysia Clark pled guilty pursuant to a plea agreement to discharging a firearm during and in relation to, and in furtherance of, a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii).  The district court sentenced Clark to 180 months' imprisonment and 5 years of supervised release.  Clark's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as an issue for review whether the district court committed significant procedural error in failing to calculate Clark's advisory prison term under the Sentencing Guidelines.  Clark was informed of his right to file a pro se supplemental brief, but he has not done so.  After conducting review pursuant to *Anders*, this court ordered supplemental briefing on the questions of whether the district court's failure to calculate Clark's advisory prison sentence and advisory supervised release range under the Guidelines resulted in plain procedural unreasonableness in his sentence and warranted vacatur of his sentence and a remand for resentencing.  In his supplemental brief, Clark's counsel argues that the district court's failure to calculate Clark's advisory prison sentence and advisory supervised release range under the Guidelines renders his sentence plainly procedurally unreasonable.  He requests that this court vacate Clark's sentence and remand for resentencing.  Invoking the appeal waiver in Clark's plea agreement, the Government has moved to dismiss the appeal.  Clark's counsel has filed a response opposing the motion.

Pursuant to a plea agreement, a defendant may waive his appellate rights.  *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014).  Where, as here, the Government seeks

2

enforcement of an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if the waiver is valid and the issue falls within the scope of the waiver. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Id.* The validity of an appeal waiver depends on whether the defendant knowingly and voluntarily waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). To determine whether a waiver is valid, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *Id.* (internal quotation marks omitted). "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable. *Id.* (internal quotation marks omitted).

We have thoroughly reviewed the record, the briefs filed by Clark's counsel, and the submissions relative to the Government's dismissal effort and conclude that Clark knowingly and voluntarily waived his rights to appeal his conviction and sentence, except based on claims of ineffective assistance of counsel and prosecutorial misconduct. We reject as without merit counsel's argument that the Government forfeited or waived its right to seek dismissal of this appeal pursuant to the waiver in Clark's plea agreement because it did not move for dismissal during the time allowed for filing a response to the *Anders* brief. *See United States v. Ashford*, 103 F.4th 1052, 1055 (4th Cir. 2024). We also

3

conclude that the waiver is valid and enforceable and that the sentencing issues raised by counsel in the *Anders* and supplemental briefs fall squarely within the scope of the waiver.[*]

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss this appeal. This court requires that counsel inform Clark, in writing, of the right to petition the Supreme Court of the United States for further review. If Clark requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Clark.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Although counsel suggests that Clark's sentencing violated his fundamental statutory and constitutional rights because the district court failed to calculate his advisory prison sentence and advisory supervised release range, such contentions are not challenges to the legality of Clark's sentence that can be raised on appeal despite his appeal waiver. *Cf. United States v. Thornsbury*, 670 F.3d 532, 539 (4th Cir. 2012) (listing challenges to sentence as "illegal" that can be raised on appeal despite appeal waiver).