**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 22-4423**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DAVID LORENZO SHERRILL,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:21-cr-00286-RJC-DSC-1)

―――――――――

Submitted:  January 29, 2025                  Decided:  February 11, 2025

―――――――――

Before NIEMEYER, HARRIS, and QUATTLEBAUM, Circuit Judges.

―――――――――

Affirmed in part and dismissed in part by unpublished per curiam opinion.

―――――――――

**ON BRIEF:**  Haakon Thorsen, THORSEN LAW OFFICE, PLLC, Charlotte, North Carolina; David Q. Burgess, DAVID BURGESS LAW, PC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, Julia Kay Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lorenzo Sherrill pled guilty, pursuant to a written plea agreement, to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2018). The district court sentenced him to a term of 108 months' imprisonment and three years of supervised release. On appeal, counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious grounds for appeal but questioning whether Sherrill knowingly and voluntarily pled guilty. Although notified of his right to do so, Sherrill has not filed a pro se supplemental brief. After conducting our *Anders* review, we directed the parties to file supplemental briefs addressing whether the district court's explanation supporting the imposition of two discretionary conditions of supervised release was procedurally and substantively reasonable. In response to the order, Sherrill's new counsel has filed a supplemental opening brief, and the Government moves to dismiss the appeal based on the appeal waiver in Sherrill's plea agreement. We affirm in part and dismiss in part.

Because Sherrill did not seek to withdraw his guilty plea and did not contemporaneously object to the sufficiency of the Fed. R. Crim. P. 11 hearing, we review the adequacy of the Rule 11 hearing for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). A guilty plea is valid if the defendant voluntarily, knowingly, and intelligently pled guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted); *see King*, 91 F.4th at 760. Accordingly, before accepting a guilty plea, the court must conduct a plea colloquy during which it must inform the defendant of,

2

and determine that the defendant understands, the rights he is relinquishing by pleading guilty, the charge to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that a factual basis supports the plea, Fed. R. Crim. P. 11(b)(3).

An appeal waiver does not bar consideration of the validity of a guilty plea. *United States v. McCoy*, 895 F.3d 358, 363-64 (4th Cir. 2018). Sherrill suggests in the *Anders* brief that he did not understand a conviction under 18 U.S.C. § 922(g) for being a felon in possession of a firearm could result in a sentence as an armed career criminal and, therefore, that his guilty plea was involuntary. However, Sherrill pled guilty to possession of a stolen firearm under § 922(j),[*] not being a felon in possession of a firearm under § 922(g). Although counsel did not challenge any other aspect of Sherrill's guilty plea, we have reviewed the Rule 11 colloquy pursuant to *Anders* and conclude that, although the magistrate judge omitted several of Rule 11's requirements, those minor omissions did not affect Sherrill's substantial rights. *See United States v. Davila*, 569 U.S. 598, 607-08 (2013) (providing standard). Moreover, the magistrate judge and the district court ensured that Sherrill's plea was knowing, voluntary, and supported by a factual basis. Sherrill does

---

[*] The district court, on the Government's motion, dismissed the indictment filed in another case that also charged Sherrill with possession of a firearm by a felon—*United States v. Sherrill*, No. 3:21-cr-00202-RJC-DSC-1 (W.D.N.C PACER No. 3; PACER docket entry dated July 18, 2022))—and would have subjected him to a 15-year mandatory minimum sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e).

not suggest—and the record contains no indication—that, but for the magistrate judge's omissions, Sherrill would not have entered his guilty plea. *See Davila*, 569 U.S. at 607-08; *King*, 91 F.4th at 762-63. Accordingly, we discern no plain error in the acceptance of Sherrill's guilty plea.

Turning to the validity of the appeal waiver, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue[s] being appealed fall[] within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d at 362 (internal quotation marks omitted). Our review of the record, including the plea agreement and the transcript of the Rule 11 hearing, confirms that Sherrill knowingly and intelligently waived his right to appeal his conviction and sentence. We therefore conclude that the waiver is valid and enforceable as to all issues that fall within its scope.

Sherrill's challenge to the procedural and substantive reasonableness of the supervised release conditions 12 and 19 falls squarely within the scope of the valid appeal waiver, despite Sherrill's efforts to couch his claims in constitutional terms. *See United States v. Carter*, 87 F.4th 217, 225 (4th Cir. 2023) (concluding that "reasonableness

4

challenge . . . falls squarely within the waiver's scope").  Sherrill also asserts in his response to the Government's motion to dismiss that we should not enforce the appeal waiver because the Government ignored our order to file a supplemental brief.  However, our decision in *United States v. Ashford*, 103 F.4th 1052, 1055-56 (4th Cir. 2024), forecloses his argument.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other potentially meritorious grounds for appeal outside the scope of Sherrill's valid waiver of appellate rights.  We therefore grant in part the Government's motion to dismiss and dismiss the appeal as to the issues that fall within the waiver's scope, and we deny in part the Government's motion to dismiss and affirm as to any issue not encompassed by the waiver.  This court requires that counsel inform Sherrill, in writing, of the right to petition the Supreme Court of the United States for further review.  If Sherrill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Sherrill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

5