**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-4084

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

CHADWICK JAVON STRONG, a/k/a Izeem Ockman Ackridge,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:22-cr-00013-FDW-DCK-1)

_____

Submitted:  November 21, 2024                    Decided:  February 27, 2025

_____

Before WILKINSON and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Dismissed in part, vacated and remanded in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Charles R. Brewer, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After pleading guilty pursuant to a written plea agreement, Chadwick Javon Strong appeals from his convictions for a controlled substance conspiracy and two counts of distribution of fentanyl and his resulting 214-month sentence. Strong's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting there were no meritorious grounds for appeal. However, counsel argued that the district court erred in applying an enhancement for misrepresentation of fentanyl pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(13). While counsel argued the claim on the merits, counsel stated that he submitted an *Anders* brief because Strong waived his right to appeal in his plea agreement. The Government declined to file a brief.

After our *Anders* review of the record, we entered an order noting that, because the Government did not seek enforcement of the waiver on appeal, the *Anders* review was conducted without consideration of the waiver. Absent the waiver, the order concluded that counsel's brief failed to explain why the issue raised was frivolous. Thus, the order directed Strong's counsel to file either a merits brief or a proper *Anders* brief.

Strong then filed a merits brief, raising sentencing claims and asserting that he received ineffective assistance with regard to his plea agreement and appellate waiver. In response, the Government filed a motion to dismiss based upon the appellate waiver. Further, the Government contended that, while the ineffective assistance claim was not barred by the waiver, it should nonetheless be dismissed because ineffective assistance was not conclusively shown on the record. Strong filed a response, opposing the motion, but conceding that the ineffective assistance claim should be dismissed.

2

We denied in part the motion to dismiss, finding that the Government had forfeited application of the waiver by untimely filing its motion. We granted the motion with regard to the ineffective assistance claim and dismissed that claim. The briefing order was reinstated, and briefing is now complete.

First, the Government seeks reconsideration of the denial of its motion to dismiss, on the basis of our decision in *United States v. Ashford*, 103 F.4th 1052 (4th Cir. 2024). In *Ashford,* we found that the Government did not unduly delay in filing its motion to dismiss and ruled that the Government was not required to raise the waiver in response to the *Anders* brief, especially given that the *Anders* brief only raised a claim exempted from the waiver. *Id.* at 1055. Thus, we concluded that "the Government properly asserted the appeal waiver in this *Anders* case by raising it in the first brief it filed that made arguments regarding the proper disposition of claims it contended were covered by the waiver— namely, the supplemental response brief." *Id.* at 1056.

However, we find that *Ashford* is distinguishable from the instant case. Specifically, the *Ashford* court relied on the fact that the *Anders* brief only raised a claim that was not covered by the appellate waiver. As such, the Government was "not on notice that the appeal waiver would be relevant." *Id.* at 1055. Here, however, Strong's *Anders* brief raised a sentencing claim that would clearly fall within the scope of the waiver and, in fact, discussed the waiver itself. Accordingly, we decline to revisit our prior order and instead consider Strong's claims on the merits.

Strong first asserts that the district court erred in enhancing his sentence after finding that he "knowingly misrepresented or knowingly marketed as another substance a mixture

3

or substance containing fentanyl." USSG § 2D1.1(b)(13). A district court must find sentencing facts in support of an offense level increase by a preponderance of the evidence. *See United States v. Elboghdady*, 117 F.4th 224, 235-36 (4th Cir. 2024). In assessing a defendant's challenge to the district court's Guidelines application, we review factual findings for clear error. *United States v. Boyd*, 55 F.4th 272, 276 (4th Cir. 2022) (internal quotation marks omitted).

In ruling on this objection, the district court noted that there was no dispute that Strong was involved in fentanyl trafficking. The court then stated that having "thousands of ecstasy . . . pills suggests to the Court that circumstantially he knew he had such a quantity of drugs out there that he knew what he was dealing with." The court further noted that, according to a confidential informant, Strong "was worried about a recent overdose from fentanyl laced with heroin." The court found this was "direct evidence that he knew there was mixing of drugs." The court presumably relied upon the presentence report (PSR) which noted that Strong sold 300 ecstasy pills that tested as fentanyl. Further, according to the PSR, a confidential informant told authorities that Strong was "worried about a recent overdose from fentanyl-laced heroin."

However, at sentencing, the Government affirmatively abandoned any arguments involving heroin, questioning the accuracy of disclosures by confidential sources regarding Strong's alleged heroin dealing. Given that there was no other evidence offered at sentencing regarding Strong's concern about an overdose, we find that this statement was unreliable and should not have been considered. *See* USSG § 6A1.3, p.s. cmt. (noting that evidence at sentencing must have a "sufficient indicia or reliability" and that

4

"[o]ut-of-court declarations by an unidentified informant may be considered where . . . there is sufficient corroboration by other means").

Accordingly, the only reliable evidence considered by the district court was that Strong regularly sold fentanyl, that he possessed a large quantity of ecstasy pills, that he sold some of the ecstasy pills, and that the ecstasy pills contained fentanyl. The court found the "quantity" of drugs was circumstantial evidence that Strong knew the ecstasy pills contained fentanyl. However, there was no evidence of the contents of ecstasy pills in general on the market; there was no evidence that Strong had ever mixed fentanyl and ecstasy; there was no evidence that Strong had reason to mislead customers; there was no evidence regarding Strong's acquisition of the pills at issue; and there was no evidence that fentanyl pills look different than ecstasy pills without fentanyl.

The relevant Guideline requires a knowing misrepresentation of the substance at issue. USSG § 2D1.1(b)(13). We conclude that the district court's finding that Strong represented that the pills at issue were ecstasy, when in fact he knew that they contained fentanyl, was clearly erroneous. The fact that Strong sold a large number of fentanyl-laced ecstasy pills is insufficient, without more, to show that Strong knew the chemical make-up of the pills. In fact, the record showed that Strong did not generally deal ecstasy and was silent as to the circumstances of Strong's acquisition of the pills. As such, we vacate Strong's sentence and remanding for resentencing.

Strong next contends that his attorney was ineffective for misadvising him regarding the appellate waiver in his plea agreement. He also asserts, for the first time in his second supplemental brief, that his attorney was ineffective for failing to object to a firearm

5

enhancement. However, in our prior order, we dismissed Strong's ineffective assistance claim regarding the plea agreement. With regard to the new claim, we find that ineffectiveness is not conclusively established in the record, and as such, the claim is not cognizable on direct appeal. *United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Accordingly, these claims are dismissed.

Because we vacate Strong's sentence and remand for resentencing, we decline to address his remaining sentencing claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*VACATED AND REMANDED IN PART*