**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4355

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GLEN RAY DOWELL, a/k/a Glenn Ray Dowell,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Danville. Elizabeth K. Dillon, Chief District Judge. (4:21-cr-00010-EKD-1)

Submitted: February 27, 2026                    Decided: April 8, 2026

Before RICHARDSON, HEYTENS, and BERNER, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant. Zachary T. Lee, Acting United States Attorney, Jonathan Jones, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Glen Dowell pled guilty pursuant to a written plea agreement to one count of distribution of five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), one count of possession with intent to distribute a measurable quantity of cocaine in violation of 21 U.S.C.§ (a)(1), (b)(1)(C), and one information charging possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  The court sentenced him to a total term of 120 months' imprisonment.  Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning (1) whether the district court erred in denying Dowell's motion to withdraw his guilty plea, (2) whether the court erred in refusing to allow defense counsel to withdraw in February 2023, and (3) whether the court erred in punishing Dowell for his firearms offense because the Second Amendment prohibits the federal government from penalizing firearm possession combined with any cocaine sales.  Dowell was informed of his right to file a pro se supplemental brief but has not done so.  In response to the Court's direction, the parties filed merits briefs on issue (3), and the Government moved to dismiss that issue based on the plea waiver in Dowell's plea agreement.

We review for abuse of discretion the denial of a motion to withdraw a guilty plea.  *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012).  "A defendant has no absolute right to withdraw a guilty plea . . . ." *Id.* at 383-84 (internal quotation marks omitted).  To withdraw a guilty plea prior to sentencing, a defendant must "show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  Further, the defendant "bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (internal quotation marks omitted); *see Nicholson*, 676 F.3d at 384 (discussing factors courts consider in evaluating a motion to withdraw a guilty plea).

2

Counsel argues that Dowell was in a compromised emotional state when he signed the plea agreement. He notes that Dowell first told his attorney he wasn't interested in a plea and that Dowell had rejected numerous other plea agreements brought to him by prior attorneys. Counsel asserts that plea counsel should have recommended that Dowell take two weeks to think about the agreement before signing while plea counsel tried to negotiate a better deal. Upon review, we find that Dowell's plea was knowing, intelligent, and voluntary and fully compliant with Rule 11. While the court did not advise Dowell of any immigration consequences to his plea, such omission was harmless. Dowell affirmed at his plea hearing that his plea was voluntary and free of improper outside influence and that he understood the plea agreement and its terms. Such declarations "carry a strong presumption of verity." *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (internal quotation marks omitted). Moreover, Dowell did not assert his innocence or demonstrate that counsel performed deficiently. The remaining factors also weighed against permitting withdrawal of the plea.

Next, counsel asserts that the court may have erred in denying counsel's motion to withdraw in February 2023. We review for abuse of discretion the denial of a motion to withdraw or to substitute counsel. *United States v. Blackledge*, 751 F.3d 188, 193 (4th Cir. 2014) (withdrawal); *United States v. Horton*, 693 F.3d 463, 466 (4th Cir. 2012) (substitution). In determining whether the district court has abused its discretion, we consider "(1) timeliness of the motion; (2) adequacy of the court's inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *Blackledge*, 751 F.3d at 194 (internal quotation marks omitted). "As to that last inquiry, a total lack of communication is not required." *United States v. Smith*, 640 F.3d 580, 588 (4th Cir. 2011) (cleaned up). Instead, the primary inquiry is whether there has been "a breakdown of attorney-

3

client communication so great that the principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated." *Id.* (internal quotation marks omitted). Here, the district court found that counsel was continuing to give Dowell advice and that there was not a sufficient breakdown in communication to warrant granting the motion. Our review discloses no abuse of discretion.

Turning to the Government's motion to dismiss, a defendant may, pursuant to the plea agreement, waive his appellate rights.[*] *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if the waiver is valid and the issue falls within the scope of the waiver. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Id.* The validity of an appeal waiver depends on whether the defendant knowingly and voluntarily waived his right to appeal. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). To determine whether a waiver is valid, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *Id.* (internal quotation marks omitted). "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable. *Id.* (internal quotation marks omitted).

---

[*] We note that the Government is not precluded from relying on the waiver, despite having initially declined to file a brief, because the Government raised the waiver in its supplemental response brief, the first brief filed on the merits of the appeal. *United States v. Ashford*, 103 F.4th 1052, 1055-56 (4th Cir. 2024).

Upon review, we conclude that Dowell knowingly and voluntarily waived his right to appeal. Dowell waived his right to appeal his sentence on any grounds and his right to appeal any and all issues in this matter unless based on an issue that cannot be waived by law. Dowell's challenge to the constitutionality of his § 924(c)(1)(A) sentence falls squarely within the waiver's scope. *See Oliver v. United States*, 951 F.3d 841, 848 (7th Cir. 2020) (explaining that "normal constitutional challenges to a statute of conviction fall comfortably within the permissible scope of valid [appellate] waivers").

In accordance with *Anders*, we have reviewed the entire record in this case and found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss the appeal of Dowell's sentence and affirm the remainder of the district court's judgment. This court requires that counsel inform Dowell, in writing, of the right to petition the Supreme Court of the United States for further review. If Dowell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dowell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

5